RICHARD W. UNDERHILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Underhill v. Commissioner
Docket No. 18079-90
United States Tax Court
T.C. Memo 1991-356; 1991 Tax Ct. Memo LEXIS 405; 62 T.C.M. (CCH) 312; T.C.M. (RIA) 91356; August 1, 1991, Filed *405 Decision will be entered for the respondent. Richard D. Worsley, for the petitioner. Ursula P. Gee, for the respondent. NAMEROFF, Special Trial Judge. NAMEROFF
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) of the Code [1] and Rule 180 et seq. Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1985 in the amount of $ 5,120, plus additions to tax under section 6651(a)(1) in the amount of $ 1,280, section 6653(a)(1) in the amount of $ 256, section 6653(a)(2) in the amount of fifty percent of the interest due on the entire deficiency, and section 6654(a) in the amount of $ 292. Respondent determined for 1985 that petitioner had unreported income of $ 24,984, was entitled to one exemption, and did not file a return for that year. Petitioner does not contest the determination of respondent as to the unreported income or the application of the additions to tax as set forth above. Instead, petitioner claims that respondent failed to take into consideration a deduction or loss which petitioner incurred. The issue we are to resolve is whether petitioner is entitled to a *406 deduction or loss in 1985 based upon the facts related herein. We note that petitioner has the burden of proof as to this issue, which he must sustain by a preponderance of the evidence. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). At the time of the filing of the petition in this case, petitioner resided in Santa Barbara, California. Petitioner took the stand on his own behalf and, during the course of his testimony, stated that he has chronic fatigue syndrome, which has profoundly affected his memory. Nevertheless, the following is the narrative of petitioner's claim for a loss deduction. Sometime in 1983 or 1984, petitioner was contacted by an old school friend named Matt Tritt (Tritt) who got petitioner interested in a wind energy business idea. Based on his conversation with Tritt and petitioner's *407 experience in the heavy construction business, petitioner believed that it would be profitable to purchase wind energy equipment and install it in the Tehachapi, California area. Petitioner formed a company called Advanced Wind Energy, which was either a corporation or a partnership. Petitioner's associates in Advanced Wind Energy were Tritt and petitioner's counsel herein, R. D. Worsley. Subsequently, petitioner engaged in extensive communications and meetings with people in Minneapolis and financiers from Chetek, Wisconsin, with a view toward buying certain Danish wind energy equipment. In addition, petitioner was looking for an appropriate piece of property on which to place the wind energy machinery. He located a piece of property in the Tehachapi area and began discussions with Dennis Beeson (Beeson), Bob Carlson, and another individual whose name petitioner does not recall. Petitioner does not recall the name of the record title owner of the property, but stated his belief that he was dealing with the owners. Petitioner stated that some sort of an agreement was arrived at to purchase the property. Petitioner does not recall if the agreement to purchase the property was *408 reduced to writing, but he believes that it was. Petitioner opened an escrow account at the Stewart Title Company and gave Stewart Title a check for $ 5,000. Sometime in the middle of 1984, Beeson approached petitioner and indicated the need for $ 25,000 in order to take care of some problems, either in connection with the property or with Beeson's associates. Petitioner stated that he withdrew $ 25,000 from a brokerage account and gave the money to Beeson. Petitioner received no receipt or promissory note from Beeson. It was petitioner's intention that the property would go into escrow and the $ 25,000 would be part of the down payment; otherwise, he intended to get his money back within 60 days. Shortly thereafter, Beeson stated that he needed another $ 15,000, and petitioner accommodated him in the same fashion. After that, Beeson was nowhere to be found. Beeson's purported helicopter business was foreclosed upon by a bank and his assets seized. We do not know what happened to Beeson's associates. No property went into escrow. Sometime in 1986, petitioner took a construction job in Hawaii. On the strength of those facts, petitioner asks the Court to find that he had *409 incurred a business bad debt deduction or a theft loss in 1985. Throughout the trial, the Court commented upon the absence of any documentation in the record. The Court emphasized this point, particularly when it was brought out that petitioner's attorney may have drafted some of the documents, and that petitioner's attorney was either a shareholder or partner in the Advanced Wind Energy enterprise. Nevertheless, no documentation was offered in evidence. [2] We do not find petitioner's testimony credible, particularly in the absence of any corroborating documentation or testimony of third parties, and conclude that he has not satisfied his burden of proof that any bad debt or theft loss was incurred in 1985. At best, even if we were to conclude that petitioner gave Beeson $ 40,000 in 1984, it would appear that petitioner made the payment on behalf of a company which was attempting to invest in real estate in 1984, which investment went sour. If any loss was incurred, it was a capital loss incurred by Advanced Wind Energy, a company which was either a corporation or a partnership, and not by petitioner. On this record, however, we cannot conclude that petitioner is entitled to *410 any deduction or loss in connection with an interest in a partnership or corporation during 1985. In order to obtain a deduction for a business bad debt, petitioner must show that the loan was made during the course of carrying on his trade or business, and that the loan became worthless in 1985. See secs. 166(a), 1.166-1, Income Tax Regs. Petitioner has not satisfied these requirements. If a loan was made, the loan may have become worthless in 1984, and, in any case, petitioner has not shown that he would be entitled to any carry forward from 1984. The same problems exist with regard to proof that petitioner suffered a theft loss in 1985. Accordingly, we conclude that petitioner is not entitled to any deduction or loss in 1985. Decision will be entered for the respondent *411 . Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. There should be cancelled checks, brokerage statements, escrow papers, incorporation or partnership documents of public record, purchase agreements, or corroborating documentation, such as correspondence with Minneapolis, Chetek, or Denmark.↩